**UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| LAT REALTY, LLC, | : | Chapter 11 |
| | : | Case No.: 5:18-bk-04206 |
| Debtor-In-Possession | : | |

___

**LAT REALTY, LLC**
**PLAN OF REORGANIZATION, DATED JANUARY 31, 2018**
___

## ARTICLE I
## SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of LAT Realty, LLC (the "Debtor") from its operating income all of such creditors' Allowed Claims.

This Plan provides for six (6) classes of claims: the Allowed Secured Claim of ESSA Bank & Trust, the Allowed Secured Claim of NBT Bank, the Allowed Secured Claim of the Luzerne County Tax Claim Bureau, Allowed Priority Unsecured Claims, Allowed General Unsecured Claims and Equity Security Holders.

All creditors and equity security holders should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors and equity security holders has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### Background

The Debtor owns two improved pieces of real estate: (A) 229 Nicolson Street, Wilkes-Barre Township, PA and (B) 161 South Mountain Blvd. Mountain Top, PA.

The Debtor intends on retaining both properties.

The Debtor has three mortgage debts and no other secured or unsecured debts.

NBT Bank, NA holds first and second position mortgage liens on the 229 Nicolson Street property with balances reflected on its proofs of claims of $97,256.93 and $2,375.56 respectively.

ESSA Bank & Trust holds a first position mortgage lien on the 161 South Mountain Blvd property with a balance as reflected on its proof of claim of $90,659.77 and a pre-petition arrearage of $11,362.80.

## ARTICLE II
## CLASSIFICATION OF CLAIMS AND INTERESTS

2.01　　Class 1.　　The Allowed Secured Claim of ESSA Bank & Trust.

2.02　　Class 2.　　The Allowed Secured claim of NBT Bank.

2.03　　Class 3.　　The Allowed Secured claim of the Luzerne County Tax Claim Bureau.

2.04　　Class 4.　　All Allowed Claims entitled to priority under § 507 of the Code (except administrative expense claims under § 507(a)(2).

2.05　　Class 5.　　The Allowed Claims of general unsecured creditors

2.06　　Class 6.　　Equity interests of the Debtor.

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEE'S FEES, AND PRIORITY TAX CLAIMS

3.1　　Unclassified Claims. Under section § 1123(a)(1), administrative expense claims are not classified.

3.2　　Administrative Expense Claims. Each holder of an administrative expense claim allowed under § 503 of the Code will be paid together with accrued interest and penalties on the Effective date of the Plan or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.3　　Priority Unsecured Claims. It is believed that there are no priority unsecured claims in this case. Nevertheless, if Allowed Priority Unsecured Claims exist each will be paid in full together with interest as provided in Article IV.

3.4　　United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the Effective Date of this Plan will be paid on the Effective Date.

# ARTICLE IV
# TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1 – Secured Claim of ESSA Bank & Trust | Unimpaired | The Debtor shall pay to ESSA Bank & Trust with respect to its claim identified as claim #4 a monthly payment of $668.40 to maintain its monthly obligation under the terms of the underlying promissory note.<br><br>To cure the arrearage owed to ESSA Bank & Trust as set forth in its proof of claim, the Debtor shall also pay to ESSA Bank & Trust the additional sum of $135.27 in 84 equal consecutive monthly installments or until the sum of $11,362.80 is paid in full without the accrual of interest thereon. All other terms of the promissory note shall remain in full force and effect.<br><br>Nothing herein, nor the confirmation of the Debtor's Chapter 11 Plan, shall preclude the Debtor from objecting to the claims of ESSA Bank & Trust. |

| | | |
|---|---|---|
| Class 2 - Secured Claim of NBT Bank | Unimpaired | The Debtor shall pay to NBT Bank, NA on a monthly basis as follows:<br><br>NBT Bank NA's claim #1 shall be paid in 84 equal consecutive monthly installments of $1,363.22 commencing in the month immediately following the month that the Debtor's Chapter 11 plan is confirmed or until the obligation is paid in full. The foregoing monthly payments are based on a variable rate that is currently 4.75% per annum and shall be adjusted from time to time as set forth in the underlying promissory note between the parties. All other terms of the promissory note shall remain in full force and effect.<br><br>NBT Bank NA's Claim #2 shall be paid in 60 equal consecutive monthly installments of $45.38 commencing in the month immediately following the month that the Debtor's Chapter 11 plan is confirmed or until the obligation of such claim is paid in full. The foregoing monthly payments are based on a variable rate that is currently that is currently 5.5% and shall be adjusted from time to time as set forth in the underlying promissory note between the parties. All other terms of the promissory note shall remain in full force and effect.<br><br>Until the Debtor's Chapter 11 Plan is confirmed, the Debtor shall pay to NBT Bank the sum of $1,200.00 per month to be applied NBT Bank NA's claims in proportion to the then outstanding balances of each.<br><br>Nothing herein, nor the confirmation of the Debtor's Chapter 11 Plan, shall preclude the Debtor from objecting to the claims of NBT Bank NA. |
| Class 3 - Secured Claim of Luzerne County Tax Claim Bureau | Unimpaired | The Debtor shall pay in full the Allowed Secured Claims pre-petition obligation owed to the Luzerne County Tax Claim Bureau together with statutory interest in consecutive equal monthly installments over a period of 60 months commencing no greater than 30 days following the Effective Date. |

| | | |
|---|---|---|
| Class 3 - Priority Unsecured Claims | Unimpaired | The Debtor shall pay in full all Allowed Priority Unsecured Claims together with statutory interest in consecutive equal monthly installments over a period of 60 months commencing as of the date that the Debtor's bankruptcy petition was filed or unless otherwise agreed to by the claimant and the Debtors or as agreed upon by the parties. |
| Class 4 - General Unsecured Creditors | Unimpaired | General unsecured creditors, if any, shall be paid 100% of their Allowed Claims in equal monthly installments over a period of 60 months commencing no greater than 30 days following the Effective Date. |
| Class 5 - Equity Security Holders of the Debtor | Unimpaired | The Debtor will continue operating in the ordinary course of business. Upon the confirmation of this Plan, the Debtor's assets will revest in the Debtor. The existing equity will remain in place. |

# ARTICLE V
# ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.1     Disputed Claim.  A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.2     Delay of Distribution on a Disputed Claim.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3     Settlement of Disputed Claims.  The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

# ARTICLE VI
# PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.1     Assumed Executory Contracts and Unexpired Leases.

(a)     The Debtor assumes the following executory contract and/or unexpired leases effective upon the Effective Date of this Plan as provided in Article VII":

All residential leases.

(b)     The Debtor will be conclusively deemed to have rejected all other executory contracts and/or unexpired leases not expressly assumed under section 6.1(a) above, or before the date of the order confirming this Plan, upon the Effective Date of this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

# ARTICLE VII
# MEANS FOR IMPLEMENTATION OF THE PLAN

The Debtor will fund its obligations under this Plan from its operating income, including, but not limited to, rental payments received from, or funds paid directly to creditors by, an affiliates of the Debtor, JLAN Properties, LLC and Teberio Properties, LLC.

# ARTICLE VIII
# GENERAL
# PROVISIONS

8.1     Definitions and Rules of Construction.  The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

8.2     Effective Date of Plan. The effective date of this Plan is the first business day following the date that is thirty (30) days after the entry of the order of confirmation.  If, however, a stay of the confirmation order is in effect on that date, the effective date will be the first business day after the date on which the stay of the confirmation order expires or is otherwise terminated.

8.3     Severability.   If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

8.4     Binding Effect.   The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

8.5     Captions.  The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

8.6     Controlling Effect.   Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the Commonwealth of Pennsylvania govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

8.7     Corporate Governance.  The Debtor shall amend its corporate documents on or before the Effective Date to be compliant with 11 USC §1123(a)(6) as necessary.

8.8     Setoff and Recoupment.  The Debtor hereby grants, and all taxing agencies shall retain, all rights of set off in recoupment under state or Federal law.

8.9     Obligation to File Tax Returns and Pay Taxes.  The debtor agrees to remain current with the filing of all post-petitions/post-confirmation tax returns and the payment of all post-petition/post-confirmation taxes.

8.10   Obligation To Pay Fees And File Reports.  The reorganized Debtor shall be responsible for timely payment of fees incurred pursuant to 28 U.S.C. §1930(a)(6).  After confirmation and within thirty (30) days after the end of each calendar quarter, the reorganized Debtor shall file with the court and serve on the United States Trustee a quarterly financial report for each calendar quarter or portion thereof during which the case remains open, in a format prescribed by the United States Trustee and provided to the debtor by the United States Trustee.

## ARTICLE IX
## DISCHARGE

9.01.   Discharge.  On the confirmation date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of this Plan, subject to the occurrence of the effective date, to the extent specified in § 1141(d)(1)(A) of the Code, except that the Debtor will not be discharged of any debt: (i) imposed by this Plan; (ii) of a kind specified in § 1141(d)(6)(A) if a timely complaint was filed in accordance with Rule 4007(c) of the Federal Rules of Bankruptcy Procedure; or (iii) of a kind specified in § 1141(d)(6)(B).

9.02.   Final Decree.  Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case. Alternatively, the Court may enter such a final decree on its own motion.

Respectfully submitted,

LAT REALTY, LLC

January 31, 2019

By: /s/ Linda Teberio
President of the Plan Proponent

/s/ David J. Harris, Esquire
Counsel to the Plan Proponent